**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**IN THE UNITED STATES DISTRICT COURT**

| | | |
|---|---|---|
| DISABILITY RIGHTS NORTH CAROLINA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-335-WO-JGM |
| | ) | |
| THE NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES and DEVDUTTA SANGVAI, in his official capacity as Secretary of the North Carolina Department of Health And Human Services, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | | |

---

## DEFENDANTS' MOTION TO STAY CONSIDERATION OF MOTION FOR CLASS CERTIFICATION

Defendants, the North Carolina Department of Health and Human Services and Devdutta Sangvai, in his official capacity as Secretary of the North Carolina Department of Health and Human Services (together, "DHHS"), through undersigned counsel, pursuant to Fed. R. Civ. P. Rules 7(d) and 23(d)(1) and Local Civil Rules 7.3(f) and 23.1(b), respectfully submit this Motion to Stay Consideration of Motion for Class Certification (Doc. 43) pending pre-certification discovery. In the alternative, Defendants respectfully request that the Court deny the Motion for Class Certification with leave to allow it to be re-filed at the appropriate time following discovery.

As demonstrated in the supporting memorandum and declaration, filed this same date, a stay is appropriate to allow Defendants to take pre-certification discovery necessary to properly evaluate the class certification issues raised in the motion, specifically including whether Plaintiffs can satisfy their burden of proof on the Rule 23(a) class action requirements. Without a stay, Defendants will suffer unfair prejudice, the Court will not be presented with a full and adequate record by which to properly evaluate these important class certification issues, and the interests of justice will not be served. In contrast, a stay will not prejudice Plaintiffs.

Prior to filing this motion, Defendants' undersigned counsel conferred with Plaintiffs' counsel and proposed that the parties engage in a limited period of discovery relating to class-certification issues before the Court considers Rule 23 certification. On April 10, 2026, Plaintiffs' counsel responded that Plaintiffs did not need or want discovery to support their motion (given they already had unlimited time to prepare seven affidavits and five other exhibits to support their motion). Plaintiffs' counsel disagreed that Defendants should be afforded an opportunity to pursue limited discovery in order to evaluate the motion and respond to it.

## **Conclusion**

Defendants respectfully request that the Court grant Defendants' Motion to Stay the Motion for Class Certification, including the deadline for Defendants to respond to it, and the Court's consideration of it, until after Defendants pursue the discovery they need on

2

these important Rule 23 issues.  In the alternative, Defendants respectfully request that the

Court deny the motion for class certification with leave to re-file following discovery.

Respectfully submitted this the 20th day of April 2026.

JEFF JACKSON
ATTORNEY GENERAL

/s/ Michael T. Wood
Michael T. Wood
Special Deputy Attorney General
N.C. State Bar No. 32427
Email: MWood@ncdoj.gov

N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602
Telephone: 919-716-0186
Facsimile: 919-716-6758

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies pursuant to Local Rule 7.3(d)(1) that this document does not exceed 6,250 words.

JEFF JACKSON
ATTORNEY GENERAL

/s/ Michael T. Wood
Michael T. Wood
Special Deputy Attorney General


## CERTIFICATE OF SERVICE

I hereby certify that I have on this day electronically filed the foregoing *DEFENDANTS' MOTION TO STAY CONSIDERATION OF MOTION FOR CLASS CERTIFICATION* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record who have registered on the CM/ECF system.

Electronically submitted this the 20th day of April 2026.

/s/ Michael T. Wood
Michael T. Wood
Special Deputy Attorney General

4